UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK E. DOTTORE, Receiver of Fortran Printing, Inc. | ) ) ) | CASE NO.1:04CV2153 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | ) ) | |
| FORTRAN PRINTING, INC. ET AL., | ) ) | ORDER |
| Defendants. | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on the Motion to Reconsider the Court's Order of Distribution of Assets and for an Order Directing the Receiver to Pay Claims brought by various alleged creditors and claimants of the Receivership. For the following reasons, the Court denies creditors' and claimants' Motion.

Millcraft Paper Company ("Millcraft") provided paper products to the Receivership. Millcraft alleges a total dollar amount owed of $139,844.40 of which $48,488.45 is finance charges. The Receiver contends the Receivership owed Millcraft $82,737.53 to be paid on a pro-rata basis with the other administrative claimants. The Receiver has supplied the Court with an

1

affidavit attesting to the amount owed; Millcraft has not.

Don Karcher and Jim Busser are employees of Fortran and allege they are owed coverage for medical claims that occurred in June and July of 2002. Karcher alleges $25,000 in medical bills and Busser alleges $3,800 in medical bills for which they are personally liable due to the Receiver's non-payment. Claimants further allege the Receiver used these funds for his own purposes. The Receiver contends he took over the operation of Fortran in June 2002. Due to the malfeasance of Mr. Jim Wheeler, who operated Fortran prior to Mr. Dottore's appointment as Receiver, the employees of Fortran were not paid wages earned in June 2002 for a two week period. Furthermore, due to Mr. Wheeler's failure to pay health insurance premiums, Fortran's health insurer cancelled its coverage. The Receiver offers affidavit testimony that employees Karcher and Busser submitted claims in the amounts of $206.00 and $131.00, respectively, for the period when Fortran had no health insurance coverage. The Receiver attests he paid these claims. Therefore, according to the Receiver, these are the only claims submitted by these claimants during the period of non-coverage. Karcher and Busser offer no evidence to support their claims.

Mike Griffin is a salesman who alleges he is owed unpaid sales commissions for sales and expenses of $41,653.00 for an account he brought to Fortran. The Receiver attests he never hired nor gave approval to anyone to hire Mr. Griffin. Mr. Griffin offers no evidence he was retained by the Receiver.

RFS is a company created in February of 2003 to buy Fortran's assets, per contract with the Receiver. RFS contends the contract language expressly requires the Receiver pay it $35,000 for expenses incurred when the purchase failed to materialize. The Receiver attests RFS was

another entity of the ultimate purchasor of Fortran and this Court should not permit what amounts to double-dipping when the ultimate purchasor of Fortran was the same individual owner of RFS. RFS offers no contradictory evidence and does not provide the contract allegedly at issue.

Finally, the Receiver contends no claims were intentionally hidden from the Court. Millcraft was listed as an administrative claimant in the Receiver's report of April 28, 2005; Karcher and Busser's claims were made part of the Court's Order to pay employee health care claims dated April 18, 2005; the Court expressly Ordered Receiver not to pay the RFS fee when RFS's owner became the ultimate purchasor of Fortran. Only Mr. Griffin's claims were not disclosed as the Receiver was unaware of the claims.

## STANDARD OF REVIEW

"Motions for reconsideration are disfavored, and a motion for reconsideration is unfounded unless it either calls . . . attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law". *Davie v. Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003).

## ANALYSIS

Pursuant to *Davie*, this Court finds no evidence of malfeasance or misfeasance on the part of the Receiver. Claimants have offered no evidence to support their allegations while Receiver has supported his positions, contra to claimants, with sworn testimony. In light of the difficult standard of *Davie* in warranting reconsideration, the Court finds there is no new evidence presented or no new case law sufficient to cause it to reconsider its decision. Much like

3

bankruptcy actions, receiverships are, by nature, unfair to creditors because the burden of maintaining a viable, ongoing business in receivership falls on all creditors and none can expect to recoup their expenses *in toto*.

Therefore, the Court finds there is no evidence to support claimants' Motion for Reconsideration and the Court denies the Motion.

IT IS SO ORDERED.

11/5/06
Date

CHRISTOPHER A. BOYKO
United States District Judge

FILED
NOV - 6 2006
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND